# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMILTON SAN DIEGO APARTMENTS, LP, a California Limited Partnership,<br><br>                  Plaintiff,<br>vs.<br>RBC CAPITAL MARKETS, LLC, an Illinois limited liability company; RBC CAPITAL MARKETS CORPORATION, an Illinois corporation; and DOES 1 through 50, inclusive,<br><br>                  Defendants. | CASE NO. 14cv01856 WQH (BLM)<br>**ORDER** |

HAYES, Judge:

      The matter before the Court is Plaintiff's Motion to Remand. (ECF No. 9).

## I.    Background

      On July 30, 2012, Plaintiff filed a complaint against RBC Capital Markets Corporation, an Illinois Corporation and RBC Dain Rauscher, Inc., an Illinois Corporation, in the San Diego Superior Court, Case No. 37-2012-00101475-CU-BC-CTL. The initial action alleged: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) intentional interference with contractual advantage, and (4) intentional interference with economic advantage. (ECF No. 1 at ¶4-5). On September 17, 2012, the Defendants removed the initial action to the Southern District Court of California claiming original jurisdiction under 28 U.S.C. §1332(a)(1)

because the amount in controversy exceeded $75,000 and involved citizens of different states. *Id.* at ¶6. On March 27, 2013, Plaintiff dismissed the initial action. *Id.* at ¶9.

On April 10, 2013, Plaintiff filed this action against RBC Capital Markets Corporation, an Illinois Corporation and RBC Dain Rauscher, Inc., an Illinois Corporation (collectively "RBC") and WNC & Associates, Inc., WNC Holding, LLC, and WNC Housing, L.P. (collectively "WNC") in the San Diego Superior Court, Case No. 37-2013-00043450-CU-BC-CTL. (ECF No. 1, Ex. 1). Plaintiff alleged the following causes of action against both RBC and WNC: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) intentional interference with contractual advantage, (4) intentional interference with economic advantage, and (5) fraud in the inducement. *Id.*

On June 18, 2014, Plaintiff filed a Request for Dismissal with Prejudice as to the WNC Defendants and WNC was dismissed from the action. (ECF No. 1 ¶ 20).

On August 6, 2014, Defendant removed this action to this Court, asserting diversity of citizenship between the parties and that the amount in controversy exceeded $75,000. *Id.* at ¶ 25-35; *see* 28 U.S.C. § 1332.

On September 5, 2014, Plaintiff filed the Motion to Remand on the grounds that (1) Defendant's removal notice was untimely, (2) inclusion of WNC and subsequent dismissal of WNC from the case is not evidence of bad faith, and (3) Defendant independently waived any right to remove the case.[1] (ECF No. 9). On September 29, 2014, Defendant filed an opposition to the Motion to Remand asserting that removal was timely because Plaintiff joined WNC in bad faith to prevent removal. (ECF No. 13).

**II.   Analysis**

Title 28 U.S.C. § 1446(b) provides that "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an

---

[1] The Court does not address Plaintiff's third ground for removal that the Defendant independently waived any right to remove the case because the Court grants Plaintiff's Motion to Remand based on the first two grounds.

amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added). However, "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

A defendant bears the burden of establishing federal jurisdiction. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d. 676, 682 (9th Cir. 2006). "Removal statutes are strictly construed against removal." *Luther v. Countrywide Home Loan Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### A. Contentions of Parties

Defendant contends that, "Notice of Removal is timely pursuant to 28 U.S.C. § 1446(c)(1) because Hamilton acted in bad faith to prevent RBC from removing the action." (ECF No. 1). Defendant contends that WNC, a non-diverse defendant, was named in the complaint "solely to prevent RBC from exercising its right to remove this action to federal court." (ECF No. 13 at 6). Defendant contends that a finding of bad faith is supported by the following facts:

    a. In its 2012 Complaint, Hamilton alleged the same claims against RBC based on the same theory it asserts in the 2013 Complaint, yet in the 2012 Complaint Hamilton sued only RBC. (*Cf.* 2013 Compl. and 2012 Compl.)

    b. On March 27, 2013, after losing two successive Motions to Dismiss in this Court and on the eve of RBC's targeted date to file the Rule 11 Motion, Hamilton voluntarily dismissed the Federal Action. (Bareket Decl. ¶¶ 6-17, Exs. D, H, I.)

    c. On April 10, 2013, Hamilton filed the 2013 Complaint, naming WNC and alleging a conspiracy between RBC and WNC to commit the same alleged wrongful conduct that Hamilton had attributed solely to RBC in the 2012 Complaint. (*Cf.* 2013 Compl. and 2012 Compl.) These new allegations were made despite the fact that Hamilton obtained no discovery from RBC or any other person or entity during the Federal Action.

1        d. On November 1, 2013, WNC represented to RBC that Hamilton and WNC had a confidential agreement that would result in WNC's imminent dismissal. (Haeusler Decl. ¶¶ 2-3.) This representation was made immediately prior to a Case Management Conference attended by Hamilton's counsel, Mr. Vivoli. (*Id.*) WNC's dismissal, however, conveniently did not come until shortly after the one-year deadline from when the case was re-commenced in State Court.

      e. Despite the fact that Hamilton made sweeping allegations of conspiracy between WNC and RBC, even after filing the 2013 Complaint, Hamilton sought no discovery of any kind from either WNC or RBC or from any third party. (Bareket Decl. ¶ 20.)

      f. Having made no investigation into its purported claims against WNC before or after filing the 2013 Complaint, and soon after the one year limitation for removal expired, Hamilton dismissed WNC, with prejudice, for "no monetary or other compensation." (Bareket Decl. ¶ 22 Ex. K.)

*Id.* at 11. Defendant contends that "[t]his case was not removable on the face of the 2013 Complaint, even after WNC was dismissed .... Thus, RBC had 30 days from the receipt of an 'other paper' that rendered this case removable to file Notice of Removal." *Id.* Defendant contends that "other paper" indicating removal was not received until July 10, 2014, when Plaintiff's counsel confirmed that "there was no monetary or other compensation paid .... as part of the settlement" with WNC. Defendant asserts that the notice of removal, filed August 6, 2014 was within the 30 day filing period. *Id.*

      Plaintiff contends that WNC was joined in good faith based on discovery in a prior action which revealed WNC's tortious misconduct in "extricat[ing] itself from the project in a rapidly failing market...." (ECF No. 9 at 4). Plaintiff explains that WNC was voluntarily dismissed from this action, "[a]s the result of a settlement of an unrelated business dispute between Plaintiff and WNC Defendants involving their other common project, Plaintiff was required to dismiss the WNC defendants from this case in exchange for no separate monetary or other consideration from WNC." *Id*. at 4-5. Plaintiff contends that the 30 day clock to timely file for removal began on June 18, 2014 when WNC was dismissed, and that the August 6, 2014 removal was not timely. *Id*. at 5.

      **B.**     **Ruling of Court**

The parties agree that removal in this case is presumptively untimely because the action was removed on August 6, 2014, which is more than one year after it commenced on April 10, 2013. (ECF No. 1; ECF No. 9). "A case may not be removed ... more than one year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). "The bad faith requirement sets a high threshold..." *Primus Automotive Financial Services, Inc. v Batarse*, 115 F.3d 644, 649 (9th Cir. 1997). The Court of Appeals for the Ninth Circuit has explained in a different context that "[a] finding of bad faith is warranted where an attorney 'knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Id.* (citing *In re Keegan Management Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996)). The Ninth Circuit has further stated that "[a] party demonstrates bad faith by 'delaying or disrupting the litigation or hampering enforcement of a court order.'" *Id.* (citing *Hutto v. Finney*, 437 U.S. 678, 689 n. 14 (1978)).

In this case, Plaintiff's Counsel submitted a sworn declaration which states in part:

> I represented Plaintiff and another entity in a state court case captioned *Hamilton San Diego Apartments, LP, et al. v. Professional Property Management, LLC, et al.*, San Diego Superior Court Case No. 37-2009-00103507-CU-BC-CTL ("the PPM Action"). The PPM Action was filed against the property management company, Professional Property Management, LLC ("PPM') that managed the real property at issue in this case, and another property located in Oakland, California. Both projects involved WNC & ASSOCIATES, INC. ("WNC"), which served as Plaintiff's capital partner in the projects pursuant to limited partnership agreements. Within the course of the PPM Action, PPM issued deposition subpoenas duces tecum to WNC and the RBC Defendants herein (collectively "RBC"). As a result of those subpoenas, Defendants herein produced their files prior to the deposition of their designated witness. In reviewing those files, I concluded that Defendants and WNC had conspired to elevate their own interests above Plaintiff's interests, in violation of written agreements between both entities and Plaintiff. As a result, Plaintiff ultimately filed the Prior Action[.] As to WNC it appeared WNC tried to get out of the project because of a rapidly falling market and, as to RBC, it appeared RBC conspired to try and foreclose upon Plaintiff's asset and the equity RBC realized it could gain through that foreclosure, in addition to acquiring valuable tax benefits due to the project's low income housing status.
> ...

> Although I believed Plaintiff had valid claims against WNC, I did not name WNC as a party to [Suit One] for reasons having to do with Plaintiff's ongoing business relationship with WNC in the other project which the parties were then involved.

(ECF No. 9-2 ¶ 2-3). The Court finds that Plaintiff states a plausible explanation for the joinder of WNC in the instant action, but failing to join WNC in the initial action.

The Declaration submitted by Plaintiff's counsel further states that:

> Before the mediation, I did not initiate discovery against WNC because the documents obtained in the [prior action against WNC], in my view, sufficiently solidified Plaintiff's claims against WNC such that I did not perceive the need to initiate formal discovery at that time. There was no other reason for my election not to waste my client's resources conducting additional discovery when I already had sufficient evidence of WNC's motives in getting out of the project at issue in this case, which I believed WNC manufactured grounds to do.
> ...
> Prior to May 30, 2014, I had not taken discovery of Defendants for largely the same reason I had not initiated discovery against WNC. Indeed, the internal emails within RBC were even more damning, in my view, than those involving WNC.

(ECF No. 9-2 ¶ 5-6).

The Court finds that Plaintiff did not consistently fail to take steps to prosecute the claims against the RBC or WNC. Defendant contends only that Plaintiff did not seek discovery from RBC or WNC or make an investigation into its claims against WNC. The sworn Declaration states a consistent and plausible explanation for requesting no discovery from WNC or RBC and making no investigation into its claims against WNC. *See Lawson v. Parker Hannifin Corp.*, No. 13-cv-923-O, 2014 WL 1158880 (N.D. Tex. Mar. 20, 2014) (finding bad faith where plaintiff "consistently failed to take steps to prosecute her claims against Hanlon, including failing to serve him with discovery requests or noticing his deposition, and failing to seek a default judgment when Hanlon failed to timely answer the petition.").

The Declaration submitted by Plaintiff's Counsel further states that:

> This case was mediated on or about April 23, 2014, a date that was immediately after I had concluded closing arguments in a three-week jury trial in Yolo County in the case captioned City of Roseville v. AECOM Technology Corporation, Case No. CV11-1282. And, the City of Roseville trial was my third this year; such that I was nearly constantly engaged in trial up through that date. Moreover, following that mediation and the City

> of Roseville trial, from May 9, 2014, through June 18, 2014, I was engaged in a jury trial in the case captioned Pacifica Companies, LLC et al. v. Shailesh ("Sunny") Pate et al., San Diego Superior Court Case No. 37-2012-00092404-CU-NPCTL.
> ...
> At the April 23, 2014 mediation, Plaintiff reached a settlement of WNC's involvement in this case.
> ...
> It is my understanding that settlement was more or less dictated by a recent settlement of another action involving the parties' other project, in which I did not represent Plaintiff and of which I was not previously aware.

(ECF No. 9-2 ¶ 4-5).

Plaintiff has provided consistent plausible reasoning for the timing of the non-diverse Defendant's dismissal. Moreover, WNC was dismissed on June 18, 2014, more than two months after the expiration of the one-year limitations period on April 10, 2014. The Court finds that WNC's dismissal more than two months after the one-year limitation for removal expired is not indicative of bad faith. *Compare Lawson*, 2014 WL 1158880 at *1 (finding that "nonsuiting Hanlon shortly after the one-year period for removal coupled with the belated filing of the notice of nonsuit, and execution of the Release by Lawson nine days prior to the date she allegedly settled with Hanlon, ... support the Court's finding of bad faith forum manipulation."), *and Forth v. Diversey Corporation*, No. 13-cv-808-A, 2013 WL 6096528, *1 (W.D.N.Y. Nov. 20, 2013) (finding that Plaintiff's explanations and actions were both "inconsistent and implausible" leading the court to determine that Defendants had demonstrated by clear and convincing evidence that Plaintiffs acted in bad faith to prevent Defendants from removing the action.), *with NKD Diversified Enterprises, Inc. v. First Mercury Ins. Co.*, No. 14-cv-00183-AWI-SAB, 2014 WL 1671659, *1 (E.D. Cal. Apr. 28, 2014) (finding no evidence of bad faith when the non-diverse party was dismissed less than three months after the expiration of the one-year removal period).

The Court finds that Defendant has not met the high threshold required to establish bad faith on the part of the Plaintiff. *See Primus*, 115 F.3d at 649. The facts

1 alleged by Defendant do not show that Plaintiff or Plaintiff's attorney knowingly or
2 recklessly raised a frivolous argument, or delayed or disrupted the litigation in order to
3 prevent removal. *See Id.* at 689. Because Defendant has failed to demonstrate bad
4 faith, the exception to the one-year removal period does not apply and Defendant's
5 removal is untimely.

      **B.    Attorney Fees**

7 Plaintiff contends that, "given the untimely and improper nature of the
8 Defendants' efforts to remove this case, Plaintiff should be awarded its attorney's fees
9 and costs incurred related to the same" pursuant to 28 U.S.C. § 1447(c). (ECF 14 at
10 10). The relevant part of 28 U.S.C. § 1447(c) states: "An order remanding the case
11 may require the payment of just costs and any actual expenses, including attorney fees,
12 incurred as a result of removal." 28 U.S.C. § 1447(c). "Whether to award attorney fees
13 is left to the discretion of the district court." *NKD*, 2014 WL 1671659 at *8 (citing
14 *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005)). "Determining whether
15 attorney fees should be awarded turns on the reasonableness of he removal." *Id.* (citing
16 *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1165 (9th Cir. 2008)). "[A]bsent
17 unusual circumstances, attorney's fees should not be awarded when the removing party
18 has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*,
19 546 U.S. at 136.

20 Although Defendant has not met its burden of establishing bad faith, the Court
21 finds thatRBC had an objectively reasonable basis for seeking removal. Plaintiff's
22 request for attorney fees is denied.

23 //
24 //
25 //
26 //

**III.    Conclusion**

28 IT IS HEREBY ORDERED that the Motion to Remand is **GRANTED** and

1  Plaintiff's request for attorney fees is **DENIED**. (ECF No. 9).  This action shall be
2  **REMANDED** to the Superior Court of California, County of San Diego, where it was
3  originally filed and assigned Case No. 37-2013-00043450-CU-BC-CTL.
4  DATED:  December 11, 2014

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge